UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------------------X
MINCHEW & SANTNER, LLP formally known as  **AFFIDAVIT**
MINCHEW, SANTNER & BRENNER, LLP
                                                                                        File No.: 09Civ3204
                            Plaintiff,

            -against-

STEPHEN G. BRENNER

                            Defendant.
-----------------------------------------------------------------------X


STATE OF NEW YORK    )
                                      ) ss.:
COUNTY OF RICHMOND  )

James M. Santner, being duly sworn, deposes and says:

1. That your affiant was a member of MINCHEW, SANTNER & BRENNER, LLP and am a member of the plaintiff, MINCHEW & SANTNER, LLP.

2. That this affidavit is in opposition to the petition for removal in this action from state court to federal court.

3. That the petitioner has plead the basis of jurisdiction for this court is diversity jurisdiction under 28 USC § 1332. Diversity jurisdiction does not lie with this court.

4. First, Mr. Brenner and the plaintiff are citizens of the same state. I am a resident of Basking Ridge, New Jersey. The petitioner is a resident of Tinton Falls, New Jersey. MINCHEW & SANTNER, LLP is a partnership organized under the laws of New York. Therefore, the plaintiff is a citizen not just of New York, but of its members as well. See United Steelworkers of America v. R.H. Bouligny, Inc., 86 S.Ct. 272, 382 U.S. 145, 15 L.Ed.2d 217 (1965). Therefore, diversity is

destroyed since the plaintiff and defendant are citizens of the same state, and the matter should be remanded back to state court.

5. Second, the petitioner's third "counter-claim" against me personally constitutes a *de facto* claim against me individually. Therefore, since the defendant has asserted a "counter-claim" against me personally and we are both citizens of the same state, diversity is destroyed.

6. Finally, the outrageous allegations he made against me personally in numerous paragraphs in his answer leave me no alternative but to amend the original complaint as of right in order for me to be added as a plaintiff so I can sue Mr. Brenner personally. CPLR § 3025.

7. The action is centered on the break up of a personal injury law firm, the plaintiff, in this action. As a principal of the plaintiff, it was the intention of Ms. Minchew and myself to sue the defendant to compel him to pay his fair share of the expense for winding up the partnership. Thus, the complaint only plead the claims arising out the circumstance of Mr. Brenner leaving the firm to work at other legal employment without notice to his partners. Mr. Brenner's conduct forced Ms. Minchew and myself to be the responsible parties to deal with clients and debts. We did not intend to plead all of the causes of action against Mr. Brenner for his bizarre behavior, which ultimately lead to the break up of the firm. Nevertheless, since Mr. Brenner has seen fit to make up allegations against me, personally. I intend to individually add additional claims against Mr. Brenner.

8. That in August, 2008, STEPHEN BRENNER, abruptly left MINCHEW, SANTNER & BRENNER, LLP without notifying the clients, myself or my partner, Jamie Minchew. Mr. Brenner last appeared in the office on August 20, 2008. Sometime during the weekend of August 23 or 24, 2008, Mr. Brenner removed his diplomas and personal items from the office. He then did not show up for work on Monday, August 25, 2008, but instead called Ms. Minchew and told her that he was taking a week off. (Mr. Brenner did leave a note that said "Please leave plants I will come back to

get them Steve") When it was clear that Mr. Brenner was not returning, Ms. Minchew and I took his name off the firm in order to avoid the obvious ethical problems of having a named partner no longer working in the firm. Ms Minchew and myself had been left to wind up the partnership, notify the clients he was handling about his sudden departure, and run the partnership to pay off substantial outstanding debt without Mr. Brenner. The firm, MINCHEW, SANTNER & BRENNER, LLP had outstanding debts and obligations stemming from contracts to which MINCHEW, SANTNER & BRENNER, LLP was a party beyond August, 2008.

9. Mr. Brenner never gave any notice either verbally or in writing that he was definitely leaving the firm. In fact, Mr. Brenner insisted on taking a draw from the partnership on August 20, 2008, even though there was outstanding debt! If Mr. Brenner had truly notified Ms. Minchew and myself, there would have been some plan to pay down the debts, even if the partners would have to take no draw for a period of time. Or if the firm was to close abruptly, then the partners would have had to go into their own pockets to pay off the outstanding debt. There were no such discussions and no plan in place to wind up the firm

10. Ms. Minchew and myself have worked for months without taking a draw. In fact after Mr. Brenner left, we took no draw for three months. From November, 2008 until June, 2009, Ms. Minchew and myself only took a draw of about $1,000 per month. Instead paying ourselves, we paid tens of thousands of dollars in carrying charges and principal debt to existing vendors and a lending institution.

11. Ms. Minchew has told me that after Mr. Brenner left, he admitted he was taking per diem assignments from attorneys. These assignments were allegedly paying him $2,000 per week. It did not seem fair, nor was it contemplated under our partnership agreement or under the partnership law, that Mr. Brenner should receive monies from an outside job he secured while

working at the firm, while Ms. Minchew and myself were left to pay off the debt that the firm incurred. Mr. Brenner received a K-1 return from our accountant which showed a draw of $45,300 and also showed a loss. This could only have happened and did only happen because the partners paid themselves instead of the bills. For a short time, we had the illusion of making some money, when we were in fact taking money from operating expenses to pay ourselves. MINCHEW, SANTNER & BRENNER, LLP was not a money making venture and should have been dissolved. Our legal problem was Mr. Brenner ran out on the clients he was dealing with, firm debt, and Ms. Minchew and myself were left to pick up the pieces. I was content to only sue Mr. Brenner on behalf of the firm so that Ms. Minchew and myself could be compensated for our time. Mr. Brenner should not be in a better position than Ms. Minchew and myself. However, Mr. Brenner's answer and "counter-claim" against me make it clear that I should have sued Mr. Brenner personally for his incompetence and bizarre actions which lead MINCHEW, SANTNER & BRENNER, LLP to be the money losing firm which it was. (See Exhibit "A," copy of supplemental summons.)

**WHEREFORE**, the plaintiff respectfully prays for an Order denying the petition for removal to federal court and for such other and further relief this Court deems just proper and equitable.

_____
JAMES M. SANTNER

Sworn to before me this 28th day
In July, 2009

_____
Notary Public

JAMIE M. MINCHEW
Notary Public, State of New York
No. 02MI6031813
Qualified in Richmond County
Comm. Expires October 12, 20 09

# EXHIBIT "A"

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF RICHMOND
--------------------------------------------------------------------

| | |
|---|---|
| MINCHEW & SANTNER, LLP formally known as MINCHEW, SANTNER & BRENNER, LLP, JAMIE MINCHEW and JAMES SANTNER,<br><br>                   Plaintiffs,<br><br>    -against-<br><br>STEPHEN G. BRENNER<br><br>                   Defendant. | **SUPPLEMENTAL SUMMONS**<br><br>INDEX NO: 101489/09<br><br>DATE FILED: |

----------------------------------------------------------------X

**TO THE ABOVE NAMED DEFENDANT(s):**

**YOU ARE HEREBY SUMMONED** to answer the complaint in this action and to serve a copy of your answer, or, if the complaint is not served with this summons, to serve a notice of appearance on the plaintiff's attorney(s) within 20 days after the service of this summons, exclusive of the day of service (or within 30 days after service is complete if this summons is not personally delivered to you within the State of New York). In case of your failure to appear or answer, Judgment will be taken against you by default for the relief demanded in the Complaint.

The basis of the venue designated is plaintiff's place of business

The plaintiff's place of business is 1741 Victory Boulevard, Staten Island, New York 10314. Jamie Minchew is a resident of 44 Cottontail Court, Staten Island, NY. James Santner is a resident of 423 Lyons Road, Basking Ridge, NJ.

Dated:    Staten Island, NY
           July 28, 2009

                                         Yours, etc.,

                                         **MINCHEW & SANTNER, LLP**

                                         By: Jamie M Minchew
                                         `Attorneys for Plaintiff`
                                         1741 Victory Boulevard
                                         Staten Island, NY 10314
                                         (718) 727-7700

**DEFENDANT'S ADDRESS**

**STEPHEN BRENNER**
31 Rutgers Drive
Tinton Falls, N.J.

AFFIDAVIT OF SERVICE BY MAIL

STATE OF NEW YORK    )
                                            )ss:
COUNTY OF RICHMOND )

Joanne Close, being duly sworn, deposes and says:  I am not a party to this action, am over the age of 18 years and reside at Staten Island, New York.

On July 28, 2009 I served the within Affidavit and exhibit,

x___    by mailing the same in a sealed envelope, with postage prepaid thereon, in a post-office or official depository of the U.S> Postal Service within the stat of New York, addressee(s) as indicated below:

___     by delivering the same personally to the persons and at the address indicated below:

Stephen Brenner
31 Rutgers Drive
Tinton Falls, NJ 07724

_____
Joanne Close

Sworn to before me this 28th
Day of July, 2009

_____
NOTARY PUBLIC

JAMES M. SANTNER
NOTARY PUBLIC STATE OF NEW YORK
NO. 02SA6036041
QUALIFIED IN RICHMOND COUNTY
COMM. EXP. JANUARY 10, 20__