UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------------x
**MINCHEW & SANTNER, LLP,**

                      **Plaintiff,**                    **REPORT AND**
                                                           **RECOMMENDATION**

                    **-against-**                      **09-CV-3204 (SLT)**

**STEPHEN G. BRENNER,**

                       **Defendant.**
----------------------------------------------------------------x

**ROANNE L. MANN, UNITED STATES MAGISTRATE JUDGE:**

On July 24, 2009, *pro se* defendant Stephen G. Brenner ("defendant"), an attorney, removed this case from the Supreme Court of the State of New York, County of Richmond, alleging diversity of citizenship as the basis for subject matter jurisdiction.  See Notice of Removal, ECF Docket Entry ("D.E.") # 1, ¶ 3.  Plaintiff, the law firm Minchew & Santner, LLP ("the law firm"), of which defendant was formerly a partner,[1] opposes removal, contending that diversity jurisdiction is lacking because both defendant and James M. Santner ("Santner"), one of the law firm's partners, are both citizens of New Jersey.  See Affidavit of James M. Santner ("Santner Aff."), D.E. # 4 & 5,[2] ¶ 4.

For the reasons that follow, this Court respectfully recommends that this case be remanded to the Supreme Court of the State of New York, County of Richmond, for lack of subject matter jurisdiction.

---

[1] The law firm was formerly known as Minchew, Santner & Brenner, LLP.  According to the law firm, defendant's name was removed from the firm name "solely to comply with Disciplinary Rules for lawyers."  Complaint ("Compl."), D.E. #1, ¶ 2.

[2] The law firm filed this document twice.

## BACKGROUND

On June 5, 2009, the law firm filed a complaint in Richmond County Supreme Court asserting eight causes of action, all sounding in state law, stemming from the breakdown of the law partnership between Jamie Minchew ("Minchew"), Santner, and defendant.  See generally Compl.  The law firm alleges that defendant breached the partnership agreement and his fiduciary obligations by, among other things, pursuing outside contracts for his sole benefit, and interfering with the law firm's attempts to wind up its business.  See, e.g., id. ¶¶ 20-23.

On July 24, 2009, defendant filed an answer in state court, denying liability and asserting a number of affirmative defenses and counterclaims, including counterclaims arising under in federal law.[3]  See generally Answer ("Ans."), D.E. # 1.  On that same date, defendant removed the case to this Court.

Four days later, the law firm filed an affidavit opposing removal, disputing the existence of subject matter jurisdiction because defendant and Santner are both citizens of New Jersey.  See Santner Aff. ¶ 4.  The following day, this Court entered an order directing defendant to show cause why this case should not be remanded back to state court for lack of subject matter jurisdiction.  See Order to Show Cause ("OTSC"), D.E. # 6.  In that order, the Court directed defendant to address the applicability of Mudge Rose Guthrie Alexander & Ferdon v. Pickett, 11 F.Supp.2d 449 (S.D.N.Y. 1998), a decision by the Honorable Lewis A.

---

[3] It is axiomatic that the assertion of defenses and/or counterclaims sounding in federal law does not give rise to "arising under" federal jurisdiction where, as here, the complaint contains only state law claims.  See Vaden v. Discover Bank, 129 S.Ct. 1262, 1272 (2009) (citing Holmes Group, Inc. v. Vornado Air Circulation Sys., Inc., 535 U.S. 826, 830-32 (2002); Louisville & Nashville R.R. Co. v. Mottley, 211 U.S. 149, 152 (1908)).

Kaplan addressing the treatment of a limited liability partnership ("LLP") for diversity jurisdiction purposes.  See OTSC, at 1.

## DISCUSSION

"A case may only be removed from state to federal court if, at the time of removal, the case could have been filed in federal court."  Nagler v. Illiano, 585 F.Supp.2d 358, 359 (E.D.N.Y. 2008) (citing 28 U.S.C. § 1441(a)).  Because "federal courts are courts of limited jurisdiction, removal statutes are to be strictly construed against removal and all doubts should be resolved in favor of remand."  Id. (internal quotation marks and citation omitted).  "[T]he removing party bears the burdening of establishing that the removal requirements have been met."  Id. (citation omitted).

Pursuant to 28 U.S.C. § 1332, federal district courts "have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between . . . citizens of different States[.]" 28 U.S.C. § 1332(a)(1). The statute "requires complete diversity between all plaintiffs and all defendants[.]"  Cushing v. Moore, 970 F.2d 1103, 1106 (2d Cir. 1992).

Defendant's notice of removal alleges that removal was proper because the amount in controversy exceeds $75,000, and diversity of citizenship exists in that defendant is a citizen of New Jersey and the law firm is organized under the laws of, and has its principle place of business in, the State of New York.  See Notice of Removal ¶¶ 3-4.  The notice is silent as to the citizenship of defendant's former law partners.

In Carden v. Arkoma Associates, 494 U.S. 185 (1990), the Supreme Court held that, for diversity purposes, the citizenship of a limited partnership is to be determined by the

citizenship of all its members, i.e., its general and limited partners.  See id. at 192-97.  In so holding, the Court expressly "reject[ed] the contention that to determine, for diversity purposes, the citizenship of an artificial entity, the court may consult the citizenship of less than all of the entity's members."  Id. at 195.  The Court forthrightly acknowledged that its holding was "unresponsive to policy considerations raised by the changing realities of business organization[,]" id. at 196, and deferred to Congress to determine which business organizations should be treated as "citizens" for diversity purposes.  See id. at 197.

Recognizing this clear prescription on judicial expansion of diversity jurisdiction, Judge Kaplan, in Pickett, declined the plaintiff-LLP's invitation to treat a New York LLP as a corporation for diversity purposes:[4]  "[Plaintiff's] contention that an LLP is more similar to a corporation than to a limited partnership, even if it were correct in the relevant sense, . . . is entirely beside the point.  The [Supreme] Court has made clear that it is for Congress to make that judgment, not the courts."  Pickett, 11 F.Supp.2d at 451.  Unsurprisingly, among those courts in other jurisdictions that have considered the issue of an LLP's citizenship for diversity purposes, few, if any, have reached a conclusion contrary to Judge Kaplan's.[5]

---

[4] Nevertheless, Judge Kaplan considered the plaintiff's contention that a New York LLP is more analogous to a corporation than a limited partnership, and found that the argument "does not sweep the boards."  See Pickett, 11 F.Supp.2d at 451-52.

[5] See, e.g., AMCO Ins. Co. v. Kumar, No. 1:09-CV-102, 2009 WL 1098468, at *1 n.1 (N.D. Ind. Apr. 22, 2009); ZF Lemforder Corp. v. Röchling Auto. Duncan, LLP, No. 7:08-3436 (HMH), 2008 WL 4831470, at *1 (D.S.C. Nov. 3, 2008); Morgan, Lewis & Bockius LLP v. City of East Chicago, No. 08 C 2748, 2008 WL 4812658, at *1 (N.D. Ill. Oct. 29, 2008); Tobin v. Meyer, No. 1:08-CV-17 (CAS), 2008 WL 1944147, at *1-2 (E.D. Mo. May 2, 2008); RD Legal Funding, LLC v. Erwin & Balingit, LLP, No. 08cv597-L (RBB), 2008 WL 927570, at *1 (S.D. Cal. Apr. 4, 2008); Howell v. Joffe, 478 F.Supp.2d 1014, 1016

(continued...)

Here, defendant does not deny that he is, as alleged by the law firm, see Compl. ¶ 3, a citizen of New Jersey.  Nor does defendant dispute Santner's sworn statement that he is likewise a citizen of New Jersey.  See Santner Aff. ¶ 4.  Having reviewed the record, this Court is satisfied that both defendant and Santner are in fact citizens of New Jersey and, consequently, that there was no jurisdictional basis for removal of this case.[6]  Accordingly, under the rationale of Pickett, this case should be remanded back to state court for lack of subject matter jurisdiction.

Rather than recognizing this reality or attempting to distinguish Pickett in some jurisdictionally significant way, defendant devotes most of his show-cause response to (1) delineating a number of grievances against his former law partners, Minchew and Santner, including allegations that Minchew and Santner defamed him, see, e.g., Def. Show Cause Response, D.E. # 10, ¶¶ 7-9; and (2) accusing one or the other (or both) of his former law partners of mocking his elderly relatives, "engag[ing] in vile and malicious attacks" against him, "engag[ing] in conduct in violation of the ethical rules for attorneys," and being

---

[5](...continued)
(N.D. Ill. 2006); Paul Reid, LLP v. U.S. Fire Ins. Co., No. 05-C-280-C, 2005 WL 1676805, at *1 (W.D. Wis. July 18, 2005); Schlichtmann v. Ivey & Ragsdale, 352 F.Supp.2d 6, 7-8 (D. Me. 2005); Cohen v. Kurtzman, 45 F.Supp.2d 423, 431-35 (D.N.J. 1999); Reisman v. KPMG Peat Marwick LLP, 965 F.Supp. 165, 176 (D. Mass. 1997).

[6] Significantly, the complaint contains no allegations concerning the citizenship of Minchew and Santner.  Without such allegations, the complaint does not adequately establish diversity of citizenship, see Tobin, 2008 WL 1944147, at *2, and, accordingly, the District Court would be justified in remanding this case on that basis alone.  Cf. Nagler, 585 F.Supp.2d at 359 ("A case may only be removed from state to federal court if, *at the time of removal*, the case could have been filed in federal court.") (citing 28 U.S.C. § 1441(a)) (emphasis added).  In any event, based on the record that has since developed, it is undisputed that Santner and defendant share common citizenship.

"delusional," "ignorant" "liars" and thieves. See id. ¶¶ 1, 12, 16. Suffice it to say, none of these contentions is relevant to the question of subject matter jurisdiction. Notably, defendant himself recognizes that his show cause response is "off point . . . to the issue before the Court[.]" Id. ¶ 1.

At bottom, defendant makes only three arguments that are arguably "on point" to the issue of whether subject matter jurisdiction exists over this case. All of these arguments are without merit, and are addressed in turn.

First, defendant suggests that he is entitled to an "equitable exception" to the requirement that complete diversity exist between the parties. See id. ¶ 2. Simply put, no such exception exists. See Bowles v. Russell, 551 U.S. 205, 214 (2007) ("[T]his Court has no authority to create equitable exceptions to jurisdictional requirements . . . ."). See also Stuarte v. Colo. Interstate Gas Co., 130 F.Supp.2d 1263, 1268 (D. Wyo. 2000) ("All federal courts have an affirmative duty to police subject matter jurisdiction on their own initiative, and no equitable exception exists to the limited subject matter jurisdiction of federal courts.") (citations omitted).

Second, defendant argues that it is unclear whether the law firm is in fact a New York LLP. See Def. Show Cause Response ¶ 3. Defendant suggests that, based on language in the complaint, the law firm may actually be a New York limited liability company ("LLC"), see Compl. ¶ 1, and, for that reason, discovery should be had in this Court to resolve this apparent discrepancy. To begin, defendant's assertion in this connection is belied by the record: the partnership agreement, signed by defendant, provides that "[t]he Partners shall associate to

form a Limited Liability Partnership . . . ." See Partnership Agreement,[7] D.E. # 1, ¶ 1. In addition, query results from a June 29, 2009 search of the New York State Department of State, Division of Corporations website – attached by defendant to his answer – show the law firm as having been registered in New York as an LLP on December 6, 1999. See Ans., Ex. A. Lastly, a Certificate of Amendment of Registration filed on September 16, 2008 pursuant to Section 121-1500(j) of the New York Registered Limited Liability Partnership Law – also attached by defendant to his answer – identifies the law firm as an LLP. See id. Clearly, the law firm's description of its organizational form in the complaint was an oversight; but even if defendant were correct that the law firm is actually an LLC (or some other unincorporated business organization), for diversity purposes, the distinction between an LLC and an LLP is one without a difference. See DirecTV Latin Am., LLC v. Park 610, LLC, No. 08 Civ. 3987 (VM) (GWG), 2009 WL 692202, at *5 (S.D.N.Y. Mar. 18, 2009) ("For diversity purposes, an LLC has the citizenship of each of its members.") (citing Handelsman v. Bedford Vill. Assocs. Ltd. P'ship, 213 F.3d 48, 51-52 (2d Cir. 2000)) (Report & Recommendation of Gorenstein, J.), aff'd and adopted by 614 F.Supp.2d 446, 448 (S.D.N.Y. 2009). See also GMAC Commercial Credit LLC v. Dillard Dep't Stores, Inc., 357 F.3d 827, 829 (8th Cir. 2004) (holding that, for diversity purposes, an LLC's citizenship is that of all of its members); Cosgrove v. Bartolotta, 150 F.3d 729, 731 (7th Cir. 1998) (same).

      Third, and finally, defendant maintains that a federal forum is necessary to ensure that this case is heard by a fair and impartial judge – a goal that he contends is not possible in

---

[7] The partnership agreement is attached to the complaint.

Richmond County Supreme Court because the law firm has "purposefully poisoned" the entire bench of that forum.  See Def. Show Cause Response ¶ 7.  Defendant additionally maintains that a Justice of the Richmond County Supreme Court may be required to testify in connection with this litigation.  See id. ¶ 12.  Even assuming there is any legitimate basis for these concerns, they would provide no grounds for federal jurisdiction.  If defendant fears partiality on the bench in Richmond County Supreme Court, he is free to move for recusal, change of venue, or any other appropriate relief when he returns to state court.

In sum, defendant offers no valid reason why the District Court should retain jurisdiction over this case, and has failed to sustain his burden of establishing compliance with the removal requirements.[8]  See Nagler, 585 F.Supp.2d at 359.  Accordingly, this Court respectfully recommends that this case be remanded back to state court for lack of subject matter jurisdiction.

## **CONCLUSION**

For all of the foregoing reasons, this Court recommends that this case be remanded to the Supreme Court of the State of New York, County of Richmond, for lack of subject matter jurisdiction.

Any objections to the recommendations contained herein must be filed with the Honorable Sandra L. Townes on or before August 20, 2009.  Failure to file objections in a

---

[8] Because defendant has failed to establish that diversity of citizenship exists between the parties, the Court need not consider the law firm's alternate arguments for lack of diversity jurisdiction, such as defendant's purported "*de facto*" assertion of a counterclaim against Santner as an individual, or Santner's stated intention to join this lawsuit and sue defendant in an individual capacity.  See Santner Aff. ¶¶ 5-6.

timely manner may waive a right to appeal the District Court order.  See 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 6(a), 72; Small v. Sec'y of Health & Human Servs., 892 F.2d 15, 16 (2d Cir. 1989).

In light of the foregoing recommendation, the initial conference scheduled for August 10, 2009 is cancelled.

The Clerk is directed to enter this Report and Recommendation into the ECF system, and to send a copy to defendant, via Federal Express, at the following address:

> Stephen G. Brenner
> 31 Rutgers Drive
> Tinton Falls, NJ 07724

**SO ORDERED.**

**Dated:**     **Brooklyn, New York**
              **August 6, 2009**

                                    **ROANNE L. MANN**
                                    **UNITED STATES MAGISTRATE JUDGE**