UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------X
MINCHEW & SANTNER, LLP,

                     Plaintiff,

      - against -

STEPHEN G. BRENNER,

                     Defendant.
------------------------------------------------------------X

**AMENDED ORDER ADOPTING
REPORT & RECOMMENDATION**

09-CV-3204 (SLT) (RLM)

**TOWNES, United States District Judge:**

      On July 24, 2009, pro se Defendant Stephen G. Brenner, an attorney, removed this action from the Supreme Court of the State of New York, County of Richmond, alleging diversity of citizenship as the basis for subject matter jurisdiction. (Docket No. 1). Plaintiff Minchew & Santner, LLP, a law firm of which Defendant was a partner, has opposed removal. Defendant argues that there is no diversity because both Defendant and James N. Santner, one of the firm's other partners, are both citizens of New Jersey. (Docket No. 4 ¶ 4). On July 29, 2009, Magistrate Judge Roanne L. Mann directed Defendant to show cause why the case should not be remanded for lack of subject matter jurisdiction, following the reasoning in Mudge Rose Guthrie Alexander & Ferdon v. Pickett, 11 F. Supp. 2d 449 (S.D.N.Y. 1998). (Docket No. 6 at 1). Defendant filed his response on August 5, 2009, in which he concedes that he and Santner are New Jersey citizens, but argues (1) that discovery should at least be allowed to determine whether the law firm – not the partners – is a citizen of New York; and (2) that he will not receive a fair hearing in state court. (Docket No. 10 ¶¶ 3, 4-7). The remainder of Defendant's response is, in his own words, "off point." (Docket No. 10 ¶ 1).

On August 6, 2009, Judge Mann issued a report and recommendation ("R&R") recommending that the case be remanded to state court for lack of subject matter jurisdiction. (Docket No. 11). Specifically, Judge Mann (1) followed Pickett in determining that limited partnerships are "citizens of every state of which any of their limited partners is a citizen," 11 F. Supp. 2d at 451 (citing Carden v. Arkoma Associates, 494 U.S. 185, 189 (1990)); and (2) noted that Defendant's contention of partiality on the bench in Richmond County Supreme Court was not a valid basis for federal jurisdiction. Defendant has filed no objections.

A district court is not required to review the factual or legal conclusions of the magistrate judge as to those portions of a report and recommendation to which no objections are addressed. See Thomas v. Arn, 474 U.S. 140, 150 (1985). Nonetheless, when no objections are filed, many courts seek to satisfy themselves "that there is no clear error on the face of the record." Fed. R. Civ. P. 72(b) advisory committee note (1983 Addition); see also Edwards v. Town of Huntington, No. 05 Civ. 339 (NGG) (AKT), 2007 WL 2027913, at *2 (E.D.N.Y. July 11, 2007). Having reviewed the limited record in this case and finding no clear error, the Court ADOPTS the R&R (Docket No. 11) in its entirety pursuant to 28 U.S.C. § 636(b)(1).

    **SO ORDERED.**

                                                        _____/s/_____
                                                        SANDRA L. TOWNES
                                                        United States District Judge

Dated: October 10, 2012
       Brooklyn, New York